ATTORNEY DISCIPLINARY PROCEEDINGS
| PER CURIAM.
This attorney disciplinary proceeding arises from four counts of formal charges *333 filed by the Office of Disciplinary Counsel (“ODC”) against Charles Z. Ranel, an attorney who was suspended from the practice of law in 1988 and has yet to seek reinstatement.
UNDERLYING FACTS
In February 1987, respondent settled a personal injury case on behalf of Wilma Reado. Subsequently, he tendered a check from a law firm account[1] to Ms. Reado in the amount of $2,421.66 for her portion of the settlement; however, the check was declined for insufficient funds. Although respondent later provided Ms. Reado with $2,100, he failed to pay the balance of the funds, despite her repeated requests. On January 18,1988, Ms. Reado filed a complaint with the ODC. Although the ODC made several requests for information, respondent failed to reply.
In an unrelated matter, Lauree A. Matthews paid respondent $750 in advance fees to handle a dispute involving immovable property belonging to her father. Subsequently, respondent performed no legal services and failed to communicate with Ms. Matthews regarding the status of the case. By letter dated January 28, 1988, Ms. Matthews discharged respondent and demanded a refund of the unearned fee. | gRespondent failed to provide an accounting or return the unearned portion of the fee. On May 20, 1988, Ms. Matthews filed a complaint with the ODC. Although the ODC made several requests for information, respondent failed to reply.
While investigation of these matters was pending, respondent was charged with five unrelated counts of misconduct. On December 12, 1988, this court suspended respondent from the practice of law for a period of three years. Louisiana State Bar Ass’n v. Ranel, 534 So.2d 951 (La.1988).[2]
DISCIPLINARY PROCEEDINGS

Formal Charges

On January 14, 1991, the ODC filed four counts of formal charges against respondent based on the Reado and Matthews complaints, alleging several violations of the Rules of Professional Conduct and DR 6-101(A)(3) of the former Code of Professional Responsibility.[3] The ODC was unable to locate respondent to effectuate service. As a result, the hearing committee chair issued an order staying the proceedings pending service of the formal charges on respondent.
No further action in the case took place until January 29, 1999, when respondent wrote to the Louisiana State Bar Association from Connecticut, where he currently resides, inquiring about the requirements for having his law license | ¡¡reinstated from his earlier suspension. Upon obtaining respondent’s current address, the ODC served the formal charges on respondent one month later. When respondent failed *334 to answer the charges, the hearing committee gave the parties time to file written arguments and documentary evidence on the issue of sanctions. The ODC submitted documentary evidence in support of the charges; respondent made no filing.

Hearing Committee Recommendation

After consideration of the evidence, the hearing committee concluded respondent violated the professional rules as charged. In formulating an appropriate sanction, the committee observed the instant misconduct took place during the same period of time as the misconduct for which he was suspended in 1988. It reasoned that had the instant charges been adjudicated with the five counts of misconduct which were the subject of the earlier proceeding, no greater sanction would have been imposed. Therefore, it recommended the prior disciplinary offenses be combined with the instant charges to result in the three-year suspension already imposed by this court in 1988. The committee further recommended that respondent be ordered to make restitution to Ms. Reado and Ms. Matthews and not be permitted to apply for reinstatement from his earlier suspension for a period of one year from the payment of such restitution.

Disciplinary Board Recommendation

The disciplinary board agreed with the committee that respondent knowingly and intentionally violated duties owed to his clients, and caused significant injury to his clients by denying them their funds for over a decade. However, it declined to adopt the hearing committee’s proposed sanction, finding it was improper to combine | ¿the instant charges with respondent’s previous discipline to impose a suspension that has already been served. The board further noted respondent had not yet submitted a petition for reinstatement and any conditions on reinstatement were inappropriate at this time. Instead, relying on the ABA’s Standards for Imposing Lawyer Sanctions,[4] the board recommended respondent be suspended from the practice of law for a period of one year and one day.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
The record supports the disciplinary board’s findings that respondent knowingly and intentionally neglected his clients’ cases, failed to communicate with his clients, failed to provide an accounting and return his clients’ funds, and failed to cooperate with the ODC. Respondent’s misconduct is serious in nature. Had the instant charges been considered together with the charges forming the basis of respondent’s earlier 1988 disciplinary proceeding (for which respondent received a three year suspension), we may well have imposed a more severe discipline. However, in light of the fact that the instant charges were not considered until several years after the earlier charges, and because respondent has been out of this state for over ten years, we will accept the one year and one day suspension recommended by the disciplinary board under the unique facts of this case.
|,DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Charles Z. Ranel be suspended from the practice of law in Louisiana for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to *335 commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., dissents and would impose a greater penalty.

. The account was not designated as a client trust account.

. Respondent's misconduct involved neglect of legal matters, failure to perform legal services, false statements to clients regarding their cases and failure to cooperate. In addition to the three-year suspension, this court ordered respondent to make restitution to his victims in the total amount of $2,492.02. To date, respondent has not sought reinstatement.

. The ODC alleged violations of Rules 1.3 (lack of reasonable diligence in representing a client); Rule 1.4 (failure to communicate with client); Rule 1.15 (failure to safely keep client’s property separate from the attorney’s own property); Rule 1.16(d) (failure to take reasonable steps to protect client interests at termination of representation); Rule 8.1(c) (failure to cooperate in a disciplinary investigation); 8.4(a) (violating Rules of Professional Conduct); 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Rule 8.4(g) (failing to cooperate with the ODC’s investigation of alleged misconduct) of the Rules of Professional Conduct, as well as a violation of DR 6-101 (A)(3) (neglect of a legal matter) of the former Code of Professional Responsibility.

. Standard 4.12 provides "suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.” Standard 4.42(a) provides "suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.”